# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DAVID SHUMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 3:14-cv-1368 |
| vs. ) | |
| ) | Judge Sharp |
| SIMPLY RIGHT, INC., ) | Magistrate Judge Bryant |
| ) | |
| Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.01, plaintiff David Shuman, ("Plaintiff") and Simply Right, Inc. ("Defendant") submit this proposed Initial Case Management Order.

1. **Status of Service of Process**: Service of process is complete.

2. **Status of Responsive Pleadings**: Defendant has responded to the Complaint.

3. **Jurisdiction**: The parties agree that the Court has jurisdiction under 28 U.S.C. § 1332.

4. (a) **Plaintiff's Theory of the Case**: Plaintiff was employed by Defendant within the last three years as a custodian and is entitled to minimum wage at the applicable rate for each hour worked in accordance with Section 206 of the Fair Labor Standards Act ("FLSA") and overtime pay at a rate of one and one-half times his regular rate of pay for all hours worked over 40 in a workweek in accordance with Section 207.

Plaintiff regularly worked seven days per week, beginning around 11:30 p.m. or 12:30 a.m. each evening, depending on the day of the week, and ended each work day around 10:30 a.m., for an approximate total workweek of 75 hours per week. Plaintiff worked this schedule for

12 out of the 14 weeks he worked for Defendant. Although Plaintiff worked seventy-five hours for twelve workweeks, he was only credited with 95.44 hours every two week pay period, or a total of 15.44 overtime hours. Accordingly, Plaintiff worked more than 40 hours per workweek in one or more workweeks but did not receive one and one-half times his regular rate for all hours over forty (40) in some workweeks.

Plaintiff is entitled to recover his overtime rate of one and one-half times his regular rate of pay for all unpaid overtime hours, plus an equal amount in liquidated damages, and reasonable attorney's fees and costs.

(b) **Defendants' Theory of the Case**: Defendant contends that Defendant and its agents have acted in a good faith. Moreover Defendant's actions concerning Plaintiff's employment and compensation have been performed with a good faith reliance of a reasonable interpretation of the Fair Labor Standards Act. Further, Defendant contends that it relied on Plaintiff's timekeeping when Defendant compensated Plaintiff for the hours worked. Defendant did nothing to purposefully or negligently withhold Defendant's compensation. Accordingly Defendant prays that this court deny all of Plaintiff's prayers for relief and award Defendant reasonable attorney's fees and costs for litigation of this action.

5. **Identification of Issues**: The following issues have been resolved: service of process, jurisdiction, venue. All other issues relating to liability and damages are in dispute.

6. **Need for Additional Claims**: At this time, the parties do not anticipate a need for any counterclaims, cross-claims, third-party claims, amended pleadings, joinder of parties or claims, or the need for resolution of any issues arising from Rules 13-15, 17-21, or 23 of the Federal Rules of Civil Procedure. Plaintiff may move to amend his Complaint in accordance

with the Federal Rules of Civil Procedure, if appropriate, following some discovery. The deadline for filing motions to amend the pleadings is **December 1, 2014**.

7. **Rule 26(a)(1) Disclosures**: The parties shall make their Rule 26(a)(1) disclosures within thirty (30) days from the date of the initial case management conference.

**Other Pretrial Discovery Matters**: All fact discovery shall be completed by **January 30, 2015**. All written discovery shall be submitted in sufficient time so that the response may be submitted by the discovery cutoff. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 30 interrogatories, including subparts. All discovery motions shall be filed by **February 16, 2015**. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Bryant.

8. **Expert Witnesses**: On or before **April 30, 2015**, Plaintiff shall declare to the Defendant (not file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

On or before **June 1, 2015**, Defendant shall declare to Plaintiff (not file with the Court) the identify of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed on or before **June 29, 2015**. There shallbe any rebuttal expert witnesses. All expert depositions shall be completed by **July 17, 2015**.

9. **Electronic Discovery**: The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

10. **Dispositive Motion Deadlines:** Dispositive motions shall be filed on or before **August 28, 2015**. Responses to dispositive motions shall be filed within thirty (30) days after service. Briefs shall not exceed 20 pages without leave of Court. Optional replies shall be filed within fourteen (14) days after service of the response. Reply briefs shall not exceed five pages.

11. **Pretrial Conference and Deadlines**: A pretrial conference is set for January 11, 2016, at 2:30 p.m . The parties' pretrial obligations will be set forth by separately entered order.

12. **Trial Date and Length**: Bench trial is set to begin on January 19, 2016, at 9:00 a.m. The trial is expected to last two days.
13. **Joint Mediation Report**: The parties shall submit a joint mediation report on or before **January 30, 2015**.

It is so ORDERED.

                                                   s/ John S. Bryant
                                                   Honorable John S. Bryant
                                                   United States Magistrate Judge

**APPROVED FOR ENTRY:**

/s/Randall W. Burton
Randall W. Burton, BPR #15393
144 Second Avenue, North
Suite 212
Nashville, TN 37201
(615) 620-5838

Morgan E. Smith, BPR #26601
144 2nd Ave. N. Ste. 200
Nashville, TN 37201
(615) 620-5848

*Attorneys for Plaintiff*

/s/ TeShaun Moore
TeShaun Moore, BPR #27816
TD Moore Law Firm
80 Monroe Ave., Suite 450
Memphis, Tennessee 38103
(901) 522-0111

*Attorney for Defendant*