# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DAVID SHUMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:14-cv-01368 |
| v. ) | Judge Sharp/Bryant |
| ) | |
| SIMPLY RIGHT, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court is Plaintiff David Shuman's unopposed Motion for Summary Judgment ("Motion"), Docket No. 17. Plaintiff brings claims for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking overtime back pay, liquidated damages, and attorney's fees. For the reasons set forth below, Plaintiff's Motion will be granted.

### I. Factual and Procedural Background

Unless stated otherwise, the following facts are derived from Plaintiff's Statement of Undisputed Material Facts (Docket No. 17-1), to which Defendant has failed to respond. Plaintiff Shuman worked for Defendant Simply Right as a commercial custodian from January 4, 2014 through March 31, 2014. Throughout his tenure at Simply Right, Plaintiff received hourly wages of $7.25. Simply Right placed Plaintiff at the Roxy 10 movie theater in Lebanon, Tennessee, where Plaintiff cleaned the theater overnight. Although Simply Right told Plaintiff that he would be given a company phone to clock in and out through the time keeping system, he did not receive any such phone. Plaintiff therefore did not record his hours. Neither have Defendants submitted any records of Plaintiff's hours.

Plaintiff arrived at the theater after the staff closed it and was required to finish his cleaning duties before the theater reopened the next morning.[1] Plaintiff typically started his work between 11:30 PM and 12:30 AM and completed his duties between 9:30 and 10:30 AM. Thus, on any given night he worked between nine and eleven hours. Plaintiff cleaned the Roxy 10 theater seven nights a week and avers that he did not take any breaks longer than fifteen minutes. For each two-week pay period, then, Plaintiff worked eighty (80) hours of regular work and between forty-six (46) and seventy-four (74) hours of overtime. For each of the two-week pay periods except for the first, Plaintiff's pay check stubs confirm that Simply Right compensated Plaintiff for only 15.44 hours of overtime work. (Docket No. 17-3).

Plaintiff filed this action approximately three months after he stopped working for Simply Right. The record reveals that Simply Right initially participated in the litigation: Defendant filed an Answer (Docket No. 12) and responded to Plaintiff's Motion to Amend the Case Management Plan (Docket No. 15). Simply Right has not, however, responded to the instant Motion.

## II. Summary Judgment Standard

Under Rule 56(c), summary judgment is proper if the record, taken as a whole, shows that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing that there is no genuine issue of material fact falls upon the moving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 330 n.2 (1986). The Court must view the facts and all inferences are to be drawn therefrom in

---

[1] Plaintiff's nightly cleaning duties included picking up garbage left by movie theater patrons, scraping gum from theater seats, sweeping out theater rows, vacuuming each row and under each seat, vacuuming the hallways and stairs, moping rows, wiping down banisters and rails, cleaning the bathrooms, including scrubbing toilets, urinals and sinks, picking up trash and toilet paper, scrubbing bathroom walls and stalls, dusting ceilings, light fixtures and stalls, removing trash and replacing soap, toilet paper and paper towels, as well as cleaning the lobby, removing trash, scrubbing trash cans, sweeping floors, mopping floors, cleaning windows and doors, and cleaning and mopping the video arcade area.

the light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Burchett v. Kiefer, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. See id.

While a court may accept the plaintiff's version of the facts when a motion for summary judgment is unopposed by a defendant, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." Carver v. Bunch, 946 F.3d 451, 455 (6th Cir. 1992). Rather, "[t]he court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that the movant has demonstrated the absence of a genuine issue of material fact." Id.

### III. Discussion

An employee seeking recovery of unpaid overtime compensation generally has the burden of proving the employer violated FLSA by showing that "he performed work for which he was not properly compensated." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946). See also Herman v. Palo Group Foster Home, Inc., 183 F.3d 468, 472 (6th Cir. 1999). In cases where the employer has kept "proper and accurate records," the employee may satisfy his burden by securing production of those documents. See Anderson, 328 U.S. at 687. Where the employer's records are "inaccurate or inadequate and the employee cannot offer convincing substitutes," an employee may satisfy his burden "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the

3

amount and extent of that work as a matter of just and reasonable inference." Id. (quoted and reaffirmed in United States Dep't of Labor v. Cole Enters., Inc., 62 F.3d 775, 779 (6th Cir. 1995)), superseded by statute on other grounds as stated in Carter v. Panama Canal Co., 463 F.2d 1289, 1293 (D.C. Cir. 1972). See also Herman, 183 F.3d at 472 (quoting Anderson, 328 U.S. at 687-88); Bueno v. Mattner, 829 F.2d 1380, 1387 (6th Cir. 1987) (citing Anderson, 328 U.S. at 686-88). In such a case, the burden would shift to the employer to produce evidence of the precise amount of work or evidence to rebut the reasonableness of the inference drawn from the employee's evidence. See Anderson, 328 U.S. at 687-88; Herman, 183 F.3d at 472; Bueno, 829 F.2d at 1387. If the employer fails to produce such rebuttal evidence, the Court may award damages to the employee. See Anderson, 328 U.S. at 687-88; Herman, 183 F.3d at 472; Bueno, 829 F.2d at 1387.

In the present case, it is unknown whether Defendant has kept "proper and accurate" records, because Defendant has not responded to the pending Motion. "In such a circumstance, it is logical to treat defendant's conduct much the same as an employer who produces inaccurate or inadequate records." Burns v. Olin, No. 3:05-CV-172, 2006 WL 897959, at *3 (E.D. Tenn. Apr. 6, 2006). Plaintiff will therefore have satisfied his burden of proof "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Anderson, 328 U.S. at 687. As noted above, the burden would then fall on Defendant to produce evidence of the precise amount of work or to rebut the reasonableness of the inferences drawn from plaintiff's evidence. Id. at 687-88; Herman, 183 F.3d at 472; Bueno, 829 F.2d at 1387.

Plaintiff declares that he worked overtime for which he was not properly compensated

under § 207.  (Docket No. 17-2).  Plaintiff also submitted pay stubs, showing that Simply Right paid him for the exact same number of overtime hours each pay period.  The Court finds that Plaintiff's declaration and pay stubs constitute proof that he performed work for which he was improperly compensated.  See Anderson, 328 U.S. at 687; Herman, 183 F.3d at 472; Bueno, 829 F.2d at 1387.  In response, Simply Right has produced no evidence to rebut Plaintiff.  Therefore, viewing the evidence in the light most favorable to Defendant, the Court can find no genuine issue of disputed material fact, and plaintiff is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).

## IV.  Damages

Turning to the amount of Defendant's liability, "[a]ny employer who violates the provisions of [section 207] of this title shall be liable to the employee or employees affected in the amount of their unpaid . . . overtime compensation . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  In addition to any unpaid compensation and liquidated damages, a court may hold an employer liable for the payment of a reasonable attorney's fee and litigation costs.  Id.

In the present case, Plaintiff seeks compensation for 27.75 hours of overtime per week for the relevant weeks.  (Docket No. 17 at 7-8).  However, he offers no evidence to explain how he determined the number of uncompensated hours he worked per week.  The Court also notes that this estimate would put Plaintiff's overtime hours at approximately 71 overtime hours per pay period, which nears the upper end of the range of overtime hours Plaintiff could have worked based on his statements about his arrival and departure times at the Roxy 10 theater.  Without more, the Court is reluctant to adopt Plaintiff's calculations.  While Plaintiff has provided sufficient evidence that he worked hours for which he was improperly compensated, he has not

5

provided adequate proof to support the requested damages award and additional proof of damages is necessary before a determination as to the amount of Defendant's liability can be made.

## V. <u>Conclusion</u>

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Docket No. 17) will be granted. The Court will set a status conference to discuss the future proceedings that may be necessary relating to Plaintiff's claim for damages.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE