# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| DAVID SHUMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-01368 |
| ) | |
| SIMPLY RIGHT, INC., ) | Judge Sharp |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## **MEMORANDUM & ORDER**

Pending before the Court is Plaintiff David Shuman's Motion for Award of Attorney's Fees, (Docket No. 28), to which Defendant Simply Right has filed no response. For the reasons set forth below, Plaintiff's Motion will be granted.

Plaintiff brought suit against Defendant, his former employer, for unpaid overtime wages and liquidated damages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA"). The Court granted Plaintiff's unopposed Motion for Summary Judgment, (Docket No. 19), and set a damages hearing. However, the Clerk of the Court entered judgment in favor of Plaintiff in the amount of $5,000, (Docket No. 27), pursuant to Federal Rule of Civil Procedure ("FRCP") 68 after Plaintiff accepted Defendant's Offer of Judgment, (Docket No. 26), eliminating the need for a damages hearing. Plaintiff now seeks to recover attorney's fees and costs pursuant to § 216(b) of the FLSA, FRCP 68, and Defendant's Offer of Judgment, (Docket No. 26-1).

Under § 216(b) of the FLSA, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and

1

costs of the action." "An award of attorney's fees under § 216(b) is mandatory." Smith v. Serv. Master Corp., 592 F. App'x 363, 367 (6th Cir. 2014) (citations omitted). Furthermore, "a Rule 68 offer does not affect the trial court's award of attorney fees under § 216(b)." Fegley v. Higgins, 19 F.3d 1126, 1135 (6th Cir. 1994) (citation omitted). The Court, then, is tasked with assessing the reasonableness of the fees Plaintiff seeks.

"A reasonable fee is one that is 'adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.'" Dowling v. Litton Loan Servicing LP, 320 F. App'x 442, 446 (6th Cir. 2009) (quoting Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir.2004)). In order to evaluate the reasonableness of an amount to be awarded under the FLSA, courts begin by calculating "the lodestar amount: the number of hours worked times a reasonable hourly rate." Dean v. F.P. Allega Concrete Const. Corp., 622 F. App'x 557, 559 (6th Cir. 2015) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." Hensley, 461 U.S. at 433. The Court should not consider hours "not reasonably expended" or that were "excessive, redundant, or otherwise unnecessary." Id. at 434. And the Court may exercise its discretion to reduce an award "where the documentation of hours is inadequate." Id. at 433.

To establish the lodestar amount and any adjustments to it, the Court considers the following factors:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Smith v. Serv. Master Corp., 592 F. App'x 363, 369–70 (6th Cir. 2014) (citing Adcock–Ladd v. Sec'y of Treasury, 227 F.3d 343, 349 n.8 (6th Cir.2000) (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir.1974)). "A highly important Johnson factor is the *result achieved*." Adcock–Ladd, 227 F.3d at 349 (emphasis in original) (citation omitted). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Id. (citation omitted).

The Court has considered the factors above and concludes that the amount Plaintiff requests is reasonable. Plaintiff calculated the total amount due his attorneys – $40,622.50 – using the lodestar method. To wit, Plaintiff multiplied the number of hours worked on this case by his two attorneys, 72.8 hours[1] for Randall Burton and 22.5 hours for Morgan Smith, by their respective hourly rates, $450 for Burton and $350 for Smith, to arrive at a total of $40,622.50 in attorney's fees ($32,760 for Burton and $7,862.50[2] for Smith). (Docket No. 28 at 1).

In support of the amount requested in attorney's fees, Plaintiff submitted his attorneys' declarations containing, *inter alia*, information about their work experience; an invoice; an itemization; receipts; and declarations from two other attorneys, in which they attest to the reasonableness of Burton's and Smith's hourly rates. (Docket Nos. 28-1, 28-2, 28-3, 28-4). Combined, Burton and Smith have more than 33 years of litigation experience – a large portion involving FLSA litigation – and their rates are in line with those of other attorneys in the Middle District of Tennessee. (Docket No. 28 at 5-6). Burton and Smith represented Plaintiff on a

---

[1] The Court notes that Plaintiff states the amount of hours Burton worked as 72.5 (67.5 hours plus an additional 5 hours of work anticipated by Burton to conclude this matter), (Docket No. 28 at 1), but Burton states in his declaration that he worked 72.8 hours, (Docket No. 28-1 at 4, ¶ 7).

[2] Although Smith worked 22.5 hours, it appears from her declaration, (Docket No. 28-2 at 6), that she worked 1/10 of an hour at a rate of $225/hr, rather than $350/hr. This is the reason the total amount she is due is $7,862.50 instead of $7,875.

contingency fee basis and advanced all litigation expenses. (Docket No. 28-1 at 2-3, ¶ 4). The Court notes that Burton deleted 15.9 hours from the amount of time he worked in order to avoid billing for duplicate work. (Id. at 4, ¶ 7). Furthermore, having reviewed the itemization of work performed in this suit, the Court finds that the number of hours Burton and Smith billed is reasonable. Although Plaintiff originally argued that he was entitled to $7,242.72[3], which included $3,621.36 in unpaid overtime back pay and an equal amount in liquidated damages, (Docket No. 17 at 7-8), this Court – in light of Plaintiff's acceptance and not having the benefit of a damages hearing – concludes that the $5,000 judgment entered in Plaintiff's favor was an "excellent result."

Plaintiff also requests $1,355.62 in costs and expenses, which Plaintiff states consist of a $400 filing fee; a $715.14 roundtrip ticket from Binghamton, NY (where Plaintiff had relocated) to Nashville, TN for the damages hearing; $170.94 for a two-night stay at the Red Roof Inn; and $69.54 in Uber transportation rides. (Docket No. 28 at 3). However, upon a closer examination of the documented Uber charges, (Docket No. 28-1 at 15), the sum total of the amount Plaintiff spent on Uber rides is $54.08. The Court will grant Plaintiff's request for costs and expenses, but will reduce the total amount to $1,340.16 to account for the adjustment in the Uber charges. Plaintiff's request for costs and expenses is reasonable given that most of them were incurred in relation to the damages hearing and Defendant served Plaintiff with an Offer of Judgment less than 24 hours before the scheduled hearing.

For the foregoing reasons, and considering that Defendant has not responded to Plaintiff's Motion and supporting documents, Plaintiff is entitled to the award he seeks. Accordingly, Plaintiff's Motion for Award of Attorney's Fees, (Docket No. 28), is hereby

---

[3] This number is slightly lower than the $7,248.72 figure actually cited in Plaintiff's Motion for Summary Judgment. However, it is clear that the $7,248.72 figure is a typo.

GRANTED. Plaintiff shall be awarded $40,622.50 in attorney's fees and $1,340.16 in costs and expenses, for a total award of $41,962.66.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE